IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-188-H-2
No. 5:13-CV-283-H

CHARLES JEFFREY HAYES, )
　　　　　　　　　　　　　　　　　)
　　Petitioner, 　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v. 　　　　　　　　　　　　　　　) 　　　**ORDER**
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
UNITED STATES OF AMERICA, 　　　)
　　　　　　　　　　　　　　　　　)
　　Respondent. 　　　　　　　　)

This matter is before the court on the government's motion to dismiss [D.E. #140] in response to petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. ##135, 137] and petitioner's motion for leave to file [D.E. #134]. Petitioner has filed a response [D.E. #146], and these matters are ripe for adjudication.

### BACKGROUND

On October 7, 2009, petitioner pled guilty, pursuant to a written plea agreement, to one count of the indictment charging him with conspiring to manufacture, distribute, and dispense, and possessing with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846. [D.E. #97 at 3]. On March 10, 2010, the court sentenced petitioner to a

term of imprisonment of 172 months. [D.E. ##117, 122]. Judgment was entered on March 15, 2010. [D.E. #122]. Petitioner did not appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

On July 17, 2012, petitioner filed a motion in the Northern District of Ohio pursuant to 28 U.S.C. § 2241, but this motion was dismissed because the court construed it as an improperly filed motion pursuant to 28 U.S.C. § 2255. On April 12, 2013, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. #135] and a motion for leave to file [D.E. #134] in this court. In petitioner's motion to vacate, he claims the court erred when it: (1) calculated his criminal history category based upon the inclusion of a prior felony that was later disqualified from calculation pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011); and (2) enhanced his sentence based upon USSG § 4A1.1(d). [D.E. #135-1 at 3-4].

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1 year limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

2

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's 28 U.S.C. § 2255 motion was not filed within one year of his judgment becoming final. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1). Petitioner contends that the recent decision by the United States Court of Appeals for the Fourth Circuit, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), provides a sufficient basis to extend the limitations period pursuant to 28 U.S.C. § 2255(f)(3)-(4). Although relief pursuant to Simmons has been held to be retroactively available, see Miller v. United States, 735 F.3d 141, 145, 146 (4th Cir. 2013), it is not a Supreme Court decision and is therefore

3

insufficient to support an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3). See Whiteside v. United States, 775 F.3d 180, 184 (4th Cir. 2014) (en banc). Furthermore, a subsequent change in legal precedent does not qualify as a new "fact" for purposes of a defendant's motion to vacate. Whiteside, 775 F.3d at 183-84. Lastly, futility alone due to unfavorable precedent cannot serve as cause for a procedural default or justify equitable tolling. Id. at 185. Consequently, petitioner has not alleged sufficient facts to warrant an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3) or justify equitable tolling.[1] Petitioner's 28 U.S.C. § 2255 motion is untimely and is therefore DISMISSED.

Additionally, because petitioner did not need to receive permission from the court before filing his motion to vacate pursuant to 28 U.S.C. § 2255, his motion for leave to file is DISMISSED AS MOOT.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #140] is GRANTED, petitioner's section 2255 motion [D.E. ##135, 137] is DISMISSED, and his motion for leave to file [D.E. #134] is DISMISSED AS MOOT. The clerk is directed to close this case.

---

[1] Even if the United States District Court for the Northern District of Ohio transferred petitioner's initial 28 U.S.C. § 2241 motion to this court instead of ordering a dismissal, petitioner's claim would have still failed due to its untimeliness.

4

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 23rd day of March 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34